IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

RONALD KROGER

    Plaintiff,

v.                                                     CASE NO. 4:23-cv-00197-TWB-KMB

MH EQUIPMENT CORPORATION

    Defendants.

## **ANSWER**

Comes now Defendant, MH Equipment Corporation (hereafter, "MH Equipment"), by and through the undersigned counsel, and for its Answer and Affirmative Defenses to the Plaintiff's Complaint, states as follows:

As to the numbered sections in Plaintiff's Complaint,

1. MH Equipment lacks sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 1.

2. MH Equipment admits the allegations contained in Paragraph 2.

3. In response to Paragraph 3, MH Equipment admits that it has performed mechanical services for Transformer Decommissioning to include various servicing of a Manitou TMT 55 XT. Services were provided to Transformer Decommissioning on an "on call, as needed" basis. MH Equipment denies that a contract exists between it and Transformers Decommissioning.

4. MH Equipment lacks sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 4.

5. MH Equipment denies the allegations contained in Paragraphs 5, 6, 7, 8, and 9.

1

6. MH Equipment lacks sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 10.

7. All allegations contained in the Complaint, to include any allegations contained in, or implied through, the Demand for Relief, and which are not expressly admitted herein, are denied.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint fails, in whole or in part, to state a claim against MH Equipment upon which relief can be granted.

2. Plaintiff may have failed to mitigate his alleged damages, and any recovery should be diminished in proportion to Plaintiff's failure to mitigate.

3. Plaintiff's alleged damages were proximately caused, in whole or in part, by his own "fault" or the "fault" of others as the term 'fault' has been defined in the Indiana Comparative Fault Act, I.C. § 34-51-2-1, *et seq*. Therefore, MH Equipment is entitled to judgment in its favor and against Plaintiff, or in the alternative, is entitled to a reduction in Plaintiff's alleged damages by the percentage of his fault, or the fault of others which is determined by the trier of fact.

4. Plaintiff's injuries and damages, if any, have been satisfied, in whole or in part, by collateral sources.

5. Plaintiff voluntarily assumed this risk.

6. MH Equipment had no actual or constructive knowledge of an alleged defect or the alleged cause of Plaintiff's injuries and/or damages before the alleged incident.

7. MH Equipment's actions or inactions were not the proximate cause of Plaintiff's alleged damages.

8. Plaintiff's alleged injuries and/or damages were caused, in whole or in part, by the negligence of any other non-parties, the identities of which are unknown at this time. MH Equipment reserves the right identify additional non-parties as discovery continues.

9. MH Equipment reserves the right to assert such counter or third-party claims as they become known to it through the process of discovery.

10. MH Equipment reserves the right to assert such counter or third-party claims as they become known to it through the process of discovery.

11. MH Equipment retains and reserves the right to amend this Answer and plead any and all additional defenses and affirmative defenses that become known as applicable through the course of litigation.

**WHEREFORE,** Defendant, MH Equipment Corporation, respectfully demands as follows:

1. Dismissal of the Complaint with prejudice; or

2. Trial by jury on all issues so triable; and

3. Recovery of its costs, expenses, and attorney's fees as allowed by law; and

4. Any and all other relief under law and equity to which MH Equipment is entitled.

Respectfully submitted,

Steven B. Lowery (Ind. 35834-22)
REMINGER CO., L.P.A.
730 West Main Street, Suite 300
Louisville, KY 40202
P:(502) 625-7306
slowery@reminger.com
*Counsel for MH Equipment Corporation*

## CERTIFICATE OF SERVICE

  I hereby certify that the foregoing document has been filed electronically this 14th day of December, 2023, via the Court's CM/ECF E-Filing System, and that notice of this filing will be provided to all counsel of record, to include:

  Timothy R. McCarthy, Esq.
  NUTT LAW OFFICE
  462 South Fourth Avenue
  Suite 1750, Meidinger Tower
  Louisville, KY 40202
  T: (502) 589-0635
  tim@nuttlaw.com
  *Counsel for Plaintiff*

                */s/ Steven B. Lowery*
                Steven B. Lowery (Ind. 35834-22)
                REMINGER CO., L.P.A.